# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY PENN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DAVID, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-00662-AWI-LJO PC<br><br>ORDER DIRECTING CLERK'S OFFICE TO FILE IN LODGED SUPPLEMENTAL COMPLAINT<br><br>(Doc. 16)<br><br>ORDER DENYING MOTIONS TO AMEND AS MOOT, AND DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Docs. 1, 13 and 15) |

　　　Plaintiff Tony Penn ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 1, 2006.

　　　Pursuant to statutory mandate, prisoners are required to exhaust the available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a); Jones v. Bock, Nos. 05-7058, 05-7142, 2007 WL 135890, *8 (Jan. 22, 2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002). The California Department of Corrections and Rehabilitation has an inmate appeals process for prisoner complaints, Cal. Code Regs., tit. 15 § 3084.1, and in order to satisfy the exhaustion requirement,

///

1  California state prisoners are required to use this appeals process to exhaust their claims prior to
2  filing suit, <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2383 (2006); <u>McKinney</u>, 311 F.3d at 1199-1201.
3         In this instance, plaintiff alleged in his complaint that he filed a grievance but the process was
4  not complete. (Doc. 1, § II.) On November 15, 2006, plaintiff filed a notice stating that he filed an
5  appeal on February 28, 2006. (Doc. 16.) Plaintiff was interviewed on June 11, 2006, and his appeal
6  was partially granted on August 31, 2006. (<u>Id</u>.) Plaintiff then sent the appeal to the third and final
7  level of review on September 4, 2006. (<u>Id</u>.) On December 4, 2006, plaintiff filed a notice stating
8  that his appeal was denied at the third level of review on November 28, 2006. (Doc. 17.)
9         "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought
10 in court." <u>Jones</u>, 2007 WL 135890, *8 (citing <u>Porter</u>, 435 U.S. at 524). Because plaintiff alleged
11 in his complaint that the process was not complete and then submitted evidence that exhaustion did
12 not occur prior to May 1, 2006, the date plaintiff filed this action, this action must be dismissed. 42
13 U.S.C. § 1997e(a); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession
14 to nonexhaustion is a valid grounds for dismissal . . . .").
15         Accordingly, it is HEREBY ORDERED that:
16    1.   The Clerk's Office shall file in plaintiff's supplemental complaint, lodged November
17         15, 2006;
18    2.   Plaintiff's pending motions to amend, filed October 19, 2006, and November 9,
19         2006, are DENIED as moot in light of this order; and
20    3.   This action is dismissed, without prejudice, based on plaintiff's failure to comply
21         with 42 U.S.C. § 1997e(a) by exhausting his claims prior to filing suit.

IT IS SO ORDERED.

**Dated:   February 8, 2007**              **/s/ Lawrence J. O'Neill**
b9ed48                                    UNITED STATES DISTRICT JUDGE